# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
June 19, 2012 Session

## JOSE RODRIGUEZ a/k/a ALEX LOPEZ v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 4345      Seth W. Norman, Judge**

_____

**No. M2011-01485-CCA-R3-PC - Filed January 7, 2013**

_____

JOSEPH M. TIPTON, P.J., concurring and dissenting

I concur with affirming the trial court's summary dismissal of the petition for post-conviction relief. I respectfully disagree, however, with the majority opinion's reasoning. I believe the Petitioner's expunction of his legal proceedings is not a legal impediment to his bringing a post-conviction action. On the other hand, the petition was filed late, and the decision in Padilla v. Kentucky, 130 S.Ct. 1473 (2010), as to being advised of potential immigration consequences of a guilty plea has been held not to apply retroactively. See, e.g., Francisco Miquel Jose v. State, No. M2011-00295-CCA-R3-PC (Tenn. Crim. App. Sept. 28, 2012).

The majority opinion holds, "Because the statutory language is clear, we conclude that post-conviction relief is not available from an expunged record because there is no conviction to challenge." I am unsure, though, what statute and what language is so clear. Pursuant to Tennessee Code Annotated section 40-30-103, post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." What is not mentioned in the majority opinion is the statute's referring separately to a conviction and a sentence, which indicates that the legislature was not referring to the conviction as the judgment of conviction. As this court has noted, "the legislature often uses the word 'conviction' to denote a stage of the process occurring in the trial court." State v. Vasser, 870 S.W.2d 543, 546 (Tenn. Crim. App. 1993). In this sense, "conviction" refers to the finding of guilt. Id. This finding of guilt, whether by jury verdict or the trial court's finding after accepting a guilty plea, is what occurs before the court determines if a defendant is entitled to judicial diversion, as occurred in this case.

I grant that the Post-Conviction Act also refers to a "judgment." See T.C.A. § 40-30-102 (2012). However, I do not believe that it is "clear" that the Post-Conviction Act excludes convictions that lead to diversion. In this regard, the cases cited in the majority opinion do not analyze the issue before us and are of little aid.

As for diversion, the majority opinion refers to the diversion statute, which states that the discharge of the defendant and the dismissal of the proceedings "shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime or for any other purpose, except as provided in subsections (b) and (c)." T.C.A. § 40-35-313(a)(2) (2010). The exceptions allow for use of the guilty plea or a verdict of guilty, i.e., a "conviction," to impeach the person as a plaintiff in a civil action and for certain crimes, to impeach the person in any civil action. See T.C.A. § 40-35-313 (b), (c) (2010). In other words, a "conviction" is still available for use in certain circumstances.

As the Petitioner asserts and the majority opinion notes, a disposition not considered a "conviction" under state law may still qualify as a "conviction" by the federal government for immigration purposes. Obviously, this could lead to some unfair results, as in this case under the majority opinion's view. However, I do not believe the Post-Conviction Act should be read to limit an attack on any conviction, including one arising from a Tennessee criminal proceeding and viewed as a conviction by the federal government.

My view of this case, though, is of no avail to the Petitioner. The Petitioner pleaded guilty in 2007, and the order of expungement was entered on January 8, 2010. His petition for post-conviction relief was filed on March 31, 2011. The time for filing a petition for post-conviction relief had run before he filed. See T.C.A. § 40-30-102(a) (2012). As previously noted, Padilla has been held not to apply retroactively so as to allow post-conviction relief.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE